UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.:                    -CV-

MICAHEL S. KNEZEVICH,

    Plaintiff,
vs.

WILLIAM REAGAN PTOMEY, and
TIMOTHY J. KOENIG,
    Defendants In Their Individual and
    Official Capacity,
RONALD I. STRAUSS, and
ROBERT CINTRON,

    Necessary Party Defendants.
_____/

FILED by PG D.C.
FEB 16 2017
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. of FLA. – MIAMI

## SWORN COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Michael S. Knezevich *pro se*, hereby brings this Complaint for Declaratory judgment as to the proper interpretation of statutory, state and federal case law with regard to (1) when the statute of limitations begin to run for a conspiracy, (2) the type(s) of immunity afforded the "litigation privilege," (3) interpretation of case law with regard to conversations between an attorney and their client being privileged when that conversation deals with committing a crime or fraud upon the court, and (4) interpretation of case law with regard to when a court's oral findings of facts pronounced from the bench differs from the court's written order.

Additionally, if the Defendant judges finding of facts and rulings are contrary to statutory, state and federal case law, and those findings of facts and rulings were pursuant to a conspiracy between the Defendant Judges and the Necessary Party Defendant attorney(s) to rule against the one party, is that injured party entitled to seek redress pursuant to 42 U.S.C. 1983, and a civil conspiracy complaint? In seeking this declaratory judgment, the Plaintiff states as follows:

## INTRODUCTION

1. This claim for a declaratory judgment is subsequent to the dismissal of the Plaintiff's federal claim during the review process to determine indigence, see final order of dismissal in case number 16-CV-10099-KING, attachment A.

2. The above mentioned case was subsequent to the findings of facts in a Monroe County Small Claims Court (Ptomey) and then affirmed on appeal, without a written opinion, by the Monroe County Circuit Court acting in the appellate capacity (Koenig).

3. The Plaintiff alleged that Defendant Judges conspired with necessary party Defendant attorneys to rule against the Plaintiff herein, and such rulings were contrary to the plain language of statutory, state and federal case law which is the subject of this complaint.

4. Apparently, regarding the dismissal of Plaintiff's federal complaint in its infancy, Judge King determined the Plaintiff's allegations to be other than "factual," and the Plaintiff is just a sore loser.

5. The Plaintiff is a former supervisory federal agent, who dealt with conspiracy investigations on a daily basis, understands the mechanics of a conspiracy, and is capable of reading and understanding statutory, state and federal case law.

6. Accordingly, the Plaintiff seeks a declaratory judgment from this Court on the matters and issues stated in the first and second unnumbered paragraphs herein so his next federal complaint will contain undisputable factual allegations of "specious" legal arguments and rulings contrary to and inconsistent with statutory, state and federal law.

## JURISDICTION and VENUE

7. This Court has subject matter jurisdiction over claims seeking declaratory judgment pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure.

8. This Court has personal jurisdiction over the parties as either they reside within the Southern District of Florida or the controversy complained of occurred in the Southern District of Florida.

9. Venue properly lies in the Southern District of Florida pursuant to 28 U.S.C. § 1391, as Defendants resides in this District, and all acts complained of herein occurred in this District.

12. There is actual case and controversy of a justiciable nature that exists between the Plaintiff and the Defendants.

13. All other identifiable persons or entities who have or claim any interest in the matters in controversy or who would be affected by the declarations made by this Court have been made a party to this action.

## ENTITLEMENT TO RELIEF

14. The Plaintiff, a citizen of the United States, with a case in controversy based on interpretation of statutory, state and federal case law, is entitled to relief, and thus invokes the jurisdiction of this Court under 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure.

## DEMAND FOR RELIEF SOUGHT

15. The Plaintiff demands this Honorable Court pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure grant him the relief sought by means of a favorable declaratory judgment.

## PARTIES

16. Plaintiff, Michael S. Knezevich, is a United States citizen, a resident of Pasco County, Florida, located within the Middle District of Florida.

17. Defendant, William Reagan Ptomey, is a United States citizen, a resident of Monroe County, Florida, located within the Southern District of Florida. For all time relevant to this suit Defendant Ptomey was a County Court Judge assigned to the Sixteenth Judicial Circuit of Florida, and was acting under the color of state law.

18. Defendant, Timothy J. Koenig, is a United States citizen, a resident of Monroe County, Florida, located within the Southern District of Florida. For all time relevant to this suit Defendant Ptomey was a Circuit Court Judge assigned to the Sixteenth Judicial Circuit of Florida acting in an appellate capacity, and acting under the color of state law.

19. Necessary Party Defendant Ronald I Strauss, is a United States citizen, a resident of Miami-Dade County, Florida, located within the Southern District of Florida. For all time relevant to this suit, Defendant Strauss was a Florida Licensed attorney and "of counsel" with Defendant Cintron's law firm.

20. Necessary Party Defendant Robert Cintron, is a United States citizen, a resident of Monroe County, Florida, located within the Southern District of Florida. For all time relevant to this suit, Defendant Cintron was a Florida Licensed attorney, the former campaign manager for Sixteenth Circuit Court Judge Teagan Slaton, and deemed Defendant Strauss to act as "of counsel" with Defendant Cintron's law firm.

## NATURE OF ACTION

21. This is a civil action seeking a declaratory judgment to determine if the finding of facts and rulings in the Monroe County Small Claim case 15-SC-010-M (Ptomey); and Defendant Koenig's concurrence in the Circuit Court Appellate case 15-AP-003-P (decided without a written opinion) were or were not consistent with statutory, state and federal case law.

22. Furthermore, if those finding of facts and rulings are inconsistent with statutory, state and federal case law, may the Plaintiff seek redress pursuant to 42 U.S.C. 1983, and a civil conspiracy complaint?

23. This complaint is not and should not be considered an appeal, but an authoritative declaration as to the correct interpretation of the matters and issues in controversy.

24. The controversy involves (1) when the statute of limitations begin to run for a conspiracy, (2) the type(s) of immunity afforded the "litigation privilege," (3) interpretation of case law with regard to conversations between an attorney and their client being privileged when that conversation deals with committing a crime or fraud upon the court, and (4) interpretation of case law with regard to when a court's oral findings of facts pronounced from the bench differs from the court's written order.

25. Additionally, if the court's finding of facts and rulings are contrary to statutory, state and federal case law, and those findings of facts and rulings were

pursuant to a conspiracy between the court(s) and the attorney(s) to rule against the one party, is that injured party entitled to seek redress pursuant to 42 U.S.C. 1983, and a civil conspiracy complaint?

26. The Plaintiff contends the Defendants herein conspired with two prominent, politically influential attorneys to achieve a predetermined outcome in the Monroe County cases stated above; an outcome in favor of the attorneys and against the *pro se* Plaintiff herein.

27. The Plaintiff contends the Defendants achieved the goal of their conspiracy by ruling contrary to and inconsistent with statutory, state and federal case law.

28. The Plaintiff contends that in furtherance of that conspiracy, Defendant Koenig, acting in the appellate capacity refused to write a written opinion and thus kept the Defendant's actions contained within the borders of Monroe County, Florida.

29. The Plaintiff contends when the court conspires to have a predetermined outcome of a case in favor of one party, the opposing party for all practical purposes is:

    a. prevented from having access of the courts;

    b. prevented from using the courts to seek redress for his grievances;

  c. prevented from having a fair, unbiased, and impartial trial;

  d. prevented from having a trial by jury; and

  e. prevented from having due process and equal protection under the law.

30. If the Plaintiff's contentions are correct, and this Court issues him a favorable declaratory judgment as to the matters and issues in controversy, the Plaintiff may finally obtain the redress, and justice due him in the federal court; the same redress and justice the Defendants prevented him from having in state courts.

## BACKGROUND

31. The Plaintiff herein sued Ronald I. Strauss and his former client Janice Czerwinski in Defendant Ptomey's Small Claims Court, case number 15-SC-10-M in January 2015. See attachment B.

32. In that suit the Plaintiff alleged that Ronald I. Strauss, Esq. and his Client Janice Czerwinski conspired in 2000 to accuse the Plaintiff herein of committing acts of domestic violence (DVI) in order for them to gain the upper hand in a partition action and limit his employment potential as a police officer.

33. The Plaintiff contends from 2000 thru 2011, at every hearing to terminate the Domestic Violence Injunction, Janice Czerwinski and Ronald I. Strauss proffered the same or similar conspired allegations of domestic violence.

34. The last time Ronald I. Strauss and Janice Czerwinski proffered conspired and fraudulent argument and testimony to the court was in April 2011.

35. On May 2, 2011, rather than litigate the merits of their allegations before the District Court of Appeals, Janice Czerwinski, represented by Ronald I. Strauss agreed to have the ten-year-old domestic violence injunction dismissed with prejudice.

36. The Plaintiff contends Ronald I. Strauss and Janice Czerwinski withdrew from the conspiracy and thus caused its conclusion on May 2, 2011 by allowing the Court to dismiss the ten-year-old domestic violence injunction with prejudice.

37. Plaintiff contends the voluntary dismissal of the ten-year-old domestic violence injunction constitutes termination of the case in favor of the Plaintiff.

38. The Plaintiff was now in a position to seek redress for the tortious acts committed against him by Ronald I. Strauss and Janice Czerwinski and the civil suit addressed in paragraph 31 herein was filed.

39. In that civil suit, necessary party Defendant Cintron admitted in open court that there was in fact a conspiracy to gain an advantage in the partition action. See attachment C, the official transcript, at page 12, lines 2-5 which reads:

> *MR. CINTRON: 2000. So we're 15 years. Everything he says about the partition in terms of this conspiracy, all of those things are true that occurred that long ago.*

40. Despite Cintron's admission, Defendant Ptomey opined from the bench that, "The Court finds that the acts complained of are time barred by Florida Statute 95.11. Further, the Court finds that the acts complained of are all in the form of pleadings, legal advice and argument in open court which are privileged. Please prepare me an order I will sign upon receipt," see official transcript page 22, lines 11-16.

41. Despite Defendant Ptomey's limited finding of fact, Necessary Party Defendant Strauss, over the objection of the Plaintiff, wrote a seven-page order that included finding of facts not pronounced from the bench that completely exonerated Defendant Strauss of any wrong doing, and found the Plaintiff's claims to be unmeritorious and frivolous.

42. The small claims case was appealed to the Monroe County Circuit Court in the appellate capacity (Koenig) who concurred with Ptomey's finding of facts and ruling without a written opinion.

43. The Florida District Court of Appeals and the Florida Supreme Court refused to grant certiorari without a written appellate opinion.

44. The Plaintiff filed a federal complaint and that Plaintiff's federal claim was dismissed during the review process to determine indigence, see final order of dismissal in case number 16-CV-10099-KING, attachment A.

45. Accordingly, the Plaintiff seeks a declaratory judgment from this Court on the matters and issues stated in the first and second unnumbered paragraphs herein so his next federal complaint will contain undisputable factual allegations of "specious" legal arguments and rulings contrary to and inconsistent with statutory, state and federal law.

## ARGUMENT

46. The Plaintiff is a former supervisory federal agent, who dealt with conspiracy investigations on a daily basis, understands the mechanics of a conspiracy, and is capable of reading and understanding statutory, state and federal case law.

47. The statutory, and state and federal case law on the matters and issues in controversy herein are written in clear, concise, unambiguous, plain language that any layperson should be able to understand.

48. Both Necessary Party Defendants Cintron and Strauss are very prominent, influential, and politically connected attorneys in Monroe County.

49. The Monroe County Judges tend to rule in Mr. Strauss's favor regardless of whether or not the court's rulings are consistent with statutory or case law.

50. Mr. Strauss persuaded Circuit Court Judge Sandra Taylor to issue a domestic violence injunction against the Plaintiff based solely on a chance meeting between his client, Janice Czerwinski, and the Plaintiff more than a year after the initial 2000 DVI had been dismissed.

51. The DVI referenced in paragraph 50 herein did not meet the requirement for its issuance in accordance with Florida Statute.

52. Mr. Strauss persuaded Judge Miller to deny the Plaintiff's motion to dismiss the DVI in 2009, despite the fact that Judge Miller's finding of fact pronounced from the bench did not satisfy the statutory requirement for the issuance or continuation of a domestic violence injunction.

53. In the immediate preceding paragraph, Judge Miller's written order differed from his oral pronouncement from the bench and contained the statutory language necessary to continue the DVI.

54. In May of 2011, after Mr. Strauss and Janice Czerwinski allowed for the DVI to be voluntarily dismissed with prejudice, Mr. Strauss persuaded Circuit Court Judge Slaton to issue a no contact order that prohibited the Plaintiff from contacting Janice Czerwinski.

55. The Plaintiff asks this Court to take judicial notice that there is no provision in the Florida Statutes or Florida case law that allows a judge to issue a "no contact order."

56. Paragraphs 48 thru 55 herein are provided to show this Court specific, verifiable instances where Monroe County Judges ruled in Mr. Strauss favor, and those rulings were contrary to and inconsistent with Florida statute and case law.

57. The Defendants and Necessary Party Defendants have a combined legal experience of over 159 years.

58. Defendant Ptomey has been licensed to practice law in the state of Florida for 42 years, Defendant Koenig for 32 years, Necessary Party Defendant Strauss for 51 years and Necessary Party Defendant Cintron for 35 years.

59. It is inconceivable for a judge to believe that a conspiracy between an attorney and their client to commit a crime and or perpetrate a fraud on the court is privileged and immune from civil and criminal redress.

60. It is inconceivable for a judge to believe that the statute of limitations for a conspiracy begins to run at the birth of that conspiracy, or when that conspiracy becomes known to the party, especially when presented with the Plaintiff's appellate brief that included twenty-eight (28) cases (State and Federal) and one (1) Congressional Research Publication on conspiracy, and the relevant Florida statutes

debunking Defendant's position while supporting the Plaintiff's. See Plaintiff's appellate brief filed as attachment D.

61. Plaintiff's incorporates the legal argument within his appellate brief, attachment D, as set forth herein to avoid needless repetition and present this Court with all the primary, secondary and mandatory authorities available to the Defendants and Necessary Party Defendants.

62. It is inconceivable for a judge to allow an attorney to write a seven-page order that includes the mental thought process of the judge, and page after page of additional finding of facts not pronounced from the bench, all to the personal benefit of the attorney that exonerate him from all claims of wrong doing, and allow for the award of attorney fees by declaring all the Plaintiff's claims unmeritorious and frivolous.

63. Minutes prior to the last scheduled hearings before Defendant Ptomey, the Plaintiff observed the Necessary Party Defendants exit from the glass doors that separate the judge's chambers from the public access section of the courthouse.

64. Based on the totality of the circumstances as contained herein, and the inferences derived therefrom, the Plaintiff contends any objective person can "reasonably infer" there was a conspiracy to rule against him, as the appellate courts serve as a check on the lower court's decisions.

### COUNT I – DECLARATORY JUDGMENT ON THE CORRECT INTERPRETATION OF STATUTORY, STATE AND FEDERAL CASE

## LAW REGARDING THE FOUR ISSUES ADDRESSED IN THE FIRST UNNUMBERED PARAGRAPH HEREIN

65. Plaintiff re-alleges the allegations set forth above in paragraphs one (1) through sixty-four (64) as if set forth herein in full.

66. The Defendant Judges' finding of facts and rulings contrary to and inconsistent with statutory, state and federal case law caused financial, physical, and mental injury to the Plaintiff.

67. But not for the actions of the Defendants that were contrary to and inconsistent to statutory, state and federal case law, the Plaintiff would have prevailed in the Monroe County Small Claims case and the Monroe County Circuit Court acting in the appellate capacity case.

68. It is highly likely that the injuries suffered will be redressed at a later time by a favorable declaratory judgment here and now.

69. The parties' dispute remains definite and concrete.

70. The parties' have a specific, adverse legal interest that is real and substantial, not hypothetical, sufficient of immediacy and reality to warrant the issuance of a declaratory judgment.

71. Cintron speaking for the Defendant Czerwinski in the small claim case admitted in open court that there was in fact a conspiracy to gain an advantage in the

partition action, but argued the conspiracy began in the year 2000. See attachment C, the official transcript, at page 12, lines 2-5 which reads:

> *MR. CINTRON: 2000. So we're 15 years. Everything he says about the partition in terms of this conspiracy, all of those things are true that occurred that long ago.*

72. Notwithstanding the admission, Defendant Ptomey opined from the bench that, "The Court finds that the acts complained of are time barred by Florida Statute 95.11. Further, the Court finds that the acts complained of are all in the form of pleadings, legal advice and argument in open court which are privileged. Please prepare me an order I will sign upon receipt," see official transcript page 22, lines 11-16. See attachment C.

73. Despite Defendant Ptomey's limited finding of fact, Necessary Party Defendant Strauss, over the objection of the Plaintiff, wrote a seven-page order that included finding of facts not pronounced from the bench that completely exonerated Defendant Strauss of any wrong doing, and found the Plaintiff's claims to be unmeritorious and frivolous, elements necessary to collect attorney fees. Attachment E.

74. Necessary Party Defendant Strauss filed numerous motions for the award of attorney fees; however, he abandoned that endeavor when the case was reassigned to another judge.

75. Plaintiff asks this Court to take judicial notice of Mr. Cintron, attorney for Janice Czerwinski admitting in the small claim case that all the things in the Plaintiff's complaint are true (paraphrased). Accordingly, a ruling contrary to and inconsistent with statutory, state and federal case law caused the Plaintiff's continued financial, physical and mental suffering,

76. A declaratory judgment in favor of the Plaintiff allows him to seek redress for his injuries through a federal 42 U.S.C. 1983 Complaint (allowing for disciplinary action against the Defendants); and an associated conspiracy claim (allowing for monetary damages against the Necessary Party Defendants).

**WHEREFORE,** the Plaintiff prays for a declaratory judgment, in accordance with statutory, state and federal case law, as to the correct interpretation of the matters and issues contained within this count no matter which parties benefit they serve.

### COUNT II – DECLARATORY JUDGMENT AS TO WHETER THE PLAINTIFF IS ENTITLED TO SEEK REDRESS CONSISTANT WITH THE MATTER AND ISSUE ADDRESSED IN THE SECOND UNNUMBERED PARAGRAPH HEREIN

77. Plaintiff re-alleges the allegations set forth above in paragraphs one (1) through sixty-four (64) as if set forth herein in full.

78. The Defendant Judges' finding of facts and rulings contrary to and inconsistent with statutory, state and federal case law caused financial, physical, and mental injury to the Plaintiff.

79. But not for the actions of the Defendants that were contrary to and inconsistent to statutory, state and federal case law, the Plaintiff would have prevailed in the Monroe County Small Claims case and the Monroe County Circuit Court acting in the appellate capacity case.

80. It is highly likely that the injuries suffered will be redressed at a later time by a favorable declaratory judgment here and now.

81. The parties' dispute remains definite and concrete.

82. The parties' have a specific, adverse legal interest that is real and substantial, not hypothetical, sufficient of immediacy and reality to warrant the issuance of a declaratory judgment.

83. Plaintiff may be entitled to seek a jury verdict as to whether the Defendant Judges' rulings were the result of a conspiracy or an honest mistake.

84. Plaintiff may be entitled to seek a jury verdict as to whether the Necessary Party Defendants legal arguments were the result of a conspiracy or an honest mistake.

85. Plaintiff asks this Court to take judicial notice of Mr. Cintron, attorney for Janice Czerwinski admitting in the small claim case that all the things in the

Plaintiff's complaint are true (paraphrased). Accordingly, a ruling contrary to and inconsistent with statutory, state and federal case law caused the Plaintiff's continued financial, physical and mental suffering,

86. A declaratory judgment in favor of the Plaintiff allows him to seek redress for his injuries through a federal 42 U.S.C. 1983 Complaint (allowing for disciplinary action against the Defendants); and an associated conspiracy claim (allowing for monetary damages against the Necessary Party Defendant attorneys).

**WHEREFORE,** the Plaintiff prays for a declaratory judgment, in accordance with statutory, state and federal case law, as to whether or not the Plaintiff has the right to seek redress, proffer the allegation of conspiracy to violate the Plaintiff's civil rights, and actual violation of his civil rights to a jury in the event the Plaintiff receives a favorable declaratory judgment as to Count I herein.

Respectfully submitted,

February 13, 2017
Date

Michael S. Knezevich, *pro se*
16533 Sandhill Crane Drive
Spring Hill, Florida 34610-9012
813-383-8401
bornbad13@aol.com

**STATE OF FLORIDA**
**COUNTY OF PASCO**

BEFORE ME, the undersigned authority, personally appeared MICHAEL STEVEN KNEZEVICH, and is ☐ personally known to me, or who has ☒ produced an official

identification, to wit, __FL DRIVERS LICENSE__, who being first duly sworn, deposes and says that he is the Plaintiff in the cause at issue, and that he has read the above statement of claim, and asserts the same are true and correct to the best of his knowledge and belief.

**SWORN TO AND SUBSCRIBED** before me this __13th__ day of __FEBRUARY__, 201**7**.

_____
Signature of Notary

(SEAL)

Benjamin Osmanson
Notary Public
State of Florida
My Commission Expires 10/09/18
Commission No. FF 167348

_____
PRINT, OR STAMP NAME OF NOTARY